IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

---

**ANISSA WARD**, *Individually, and on behalf of herself and other similarly situated shift managers,*

Plaintiff,

v.                                                                  No. 1:19-cv-313

**AMERICAN HUTS, INC.,**                        FLSA Opt-in Collective Action
*a Delaware Corporation,*                              **JURY DEMANDED**

Defendant.

---

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Anissa Ward ("Plaintiff"), individually, and on behalf of herself and other similarly situated shift managers, brings this collective action against American Huts, Inc. ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other current and former employees of Defendant who are members of a class as defined herein stemming from Defendant's "off-the-clock" and time "editing/shaving" policies.

### II. JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over Plaintiff's

1

and putative class members' FLSA claims, as their claims are pursuant to a federal statute. 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this district, Defendant regularly conducted and continues to conduct business in this district, and Defendant has engaged and continues to engage in the wrongful conduct alleged herein in this district during all material times in this cause

### III. CLASS DESCRIPTION

4. Plaintiff bring this action on behalf of the following similarly situated persons:

> All current and former hourly-paid shift managers of Defendant who were employed in the United States at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

### IV. PARTIES

5. Defendant American Huts, Inc. is a Delaware for-profit corporation also incorporated in the State of Tennessee. According to the Tennessee Secretary of State, Defendant American Huts, Inc. may be served via its registered agent Corporation Service Company, 2908 Poston Avenue; Nashville Tennessee, 37203 or wherever it may be found.

6. Plaintiff Anissa Ward was employed by Defendant as an hourly-paid shift manager during all times material to this action. Ms. Ward's Consent to Join this action is attached hereto as *Exhibit A*.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## V.   ALLEGATIONS

7. American Huts, Inc. is a Pizza Hut franchisee. It owns and operates Pizza Hut restaurants in Tennessee and other states in the Southeastern United States.

8. Plaintiff and class members were employed by Defendant as shift managers at its Pizza Hut restaurants at all time material to this action.

9. Defendant established wage and hour policies, including overtime rates of pay for Plaintiff and putative class members.

10. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

11. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

12. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

13. Defendant has and continues to employ a uniform payment structure for its shift managers that violates the FLSA's overtime policies in that it has required Plaintiff and putative class members to prepare and submit "end-of-day" reports and, wait until such report are "run", after clocking out of Defendant's centralized time keeping system.

14. Consequently, Plaintiff and class members have not been compensated at the required FLSA overtime rates of pay for such "off-the-clock" work in weeks in which forty (40) or more hours were performed within weekly pay periods during all times material.

15. Moreover, Defendant has a common plan, policy and practice of establishing labor budgets and incentivizing its respective General Managers at its restaurants to stay within such budgets, when such budgets have not been sufficient to meet the operational demands of each such restaurant.

16. As a result, Plaintiff and similarly situated shift managers have been required, induced expected, and/or suffered and permitted, to perform work prior to "clocking-in" and, after "clocking-out", of Defendant's centralized time keeping system.

17. Specifically, Plaintiff and similarly situated shift managers have been required, induced, expected, and/or suffered and permitted, *inter alia,* to prepare food, sweep and mop floors, clean tables, chairs and prep areas, prep for the successive shifts, etc. while not clocked-in to Defendant's time keeping system.

18. Further, Defendant "edited-out/shaved" compensable time of Plaintiff and putative class members within weekly pay periods at all times relevant, including more than forty (40) hours per week of such "edited-out/shaved" time, without compensating them at the applicable overtime compensation rates of pay, is in violation of the FLSA.

19. Plaintiff and putative class members were not compensated for this time spent working prior to and after their scheduled shifts and their time records were "edited/shaved" to reflect less time than actually worked.

20. Defendant knew it operated a common policy, practice and plan of "editing-out/shaved" compensable time of Plaintiff and putative class members to deprive them of such FLSA required overtime compensation.

21. Consequently, Plaintiff and putative class members have not been compensated at the required FLSA overtime rates of pay for such "off-the-clock" work and "edited-out/shaved" time for hours worked in excess of forty (40) per week within weekly pay periods, during all times material.

22. The net effect of Defendant's aforementioned "off-the-clock" and time "editing/shaving" plans, policies and practices is that it willfully failed to pay Plaintiff and other similarly situated employees the correct overtime premium pay for overtime work in order to save payroll costs. As a consequence, Defendant has violated the FLSA and has thereby enjoyed ill-gained profits at the expense of Plaintiff and putative class members.

23. Plaintiff and other similarly situated individuals are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant for all such unpaid overtime, which is available under the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b).

25. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

26. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to

Plaintiff at this time and can only be ascertained through applicable discovery, Plaintiff believes there are hundreds of individuals in the putative class.

27. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked as shift managers for Defendant during the statutory period.

28. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and putative class members were expected, encourages, induced, and/or required to perform work "off-the-clock" without compensation;

- Whether Defendant condoned and/or suffered and permitted Plaintiff and putative class members to perform work "off-the-clock" without compensation;

- Whether Defendant failed to pay Plaintiff and putative class members all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

- Whether Defendant "edited/shaved" Plaintiff and putative class members time records to reflect less time than was actually worked;

- The correct statute of limitations for the claims of Plaintiff and putative class members;

- Defendant's affirmative defenses;

- Whether Plaintiff and putative class members are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs.

29. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and has retained competent counsel who are experienced in collective action litigation.

30. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation

suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

31. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and carried-out by Defendant.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATION – OVERTIME

32. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 31 above as if they were set forth herein.

33. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all times relevant herein, Defendant has employed (and/or continues to employ) Plaintiff and members of the putative class within the meaning of the FLSA.

35. At all times relevant herein, Defendant has had a uniform plan, policy and practice of willfully refusing to pay Plaintiff and other members of the putative class appropriate overtime compensation for all of their hours worked.

36. Defendant knew or showed willful disregard for the fact that its compensation policies violated the FLSA in that it required its closing shift managers to prepare and submit "end-of-day" reports and, wait until such reports were "run", after "clocking-out" of Defendant's timekeeping system, without compensating them under FLSA requirements for such "off-the-clock" work.

37. Defendant knew or showed willful disregard for the fact that its compensation policies violated the FLSA in that it established labor budgets that were insufficient to meet the operational needs of its restaurants and, in turn, incentivized its restaurant's General Managers to require, induce, expect, an/or suffer and permit its shift employees, including Plaintiff and putative class members, to work "off-the-clock" prior to "clocking-in" to their respective shifts as well as after "clocking-out" of their respective shifts, without compensating them at the applicable FLSA overtime rates of pay for such "off-the-clock" hours worked in excess of forty (40) per week within weekly pay periods during all times material to this collective action.

38. Defendant did not have a good faith basis for its aforementioned violations.

39. Additionally, as a result of Defendants' common policy, practice and plan of "editing-out/shaving" their compensable time, as hereinbefore described, Plaintiff and putative class members were not paid their full overtime compensation, as required by the FLSA.

40. The aforementioned "off-the-clock" and time "editing/shaving" wage claims of Plaintiff and class members are unified by a common theory of Defendant's FLSA violations.

41. Due to Defendant's willful FLSA violations, as described above, Plaintiff and the other members of the class are entitled and, hereby seek, to recover from Defendant compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay.

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: November 4, 2019.　　　　　　　　Respectfully Submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*Attorneys for Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*